IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| DR. GEETHA MUKUNDAN, et al., | : | CIVIL ACTION |
| --- | --- | --- |
| Plaintiffs | : | |
| | : | |
| v. | : | NO. 13-2446 |
| | : | |
| MS. SHELLY RAHMAN, et al., | : | |
| Defendants | : | |

## M E M O R A N D U M

**STENGEL, J.**                                                                    August 20, 2013

Dr. Geetha Mukundan and T:Thinakkal[1] have filed an action against four defendants, three individuals who are employees of Thomson Reuters and a primary care physician from the "Delancey Clinic." Both sets of defendants have filed a motion to dismiss. After the time to respond to the motions had expired, I ordered the plaintiffs to file a response within fifteen days. The plaintiffs have yet to comply.[2]

## I. BACKGROUND

Initially, I note that I must construe this complaint liberally. As the Supreme Court unanimously held in <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), a *pro se* complaint,

---

[1] The complaint contains no information about Plaintiff Thinakkal. As far as can be determined, he or she is only mentioned on the first page of the complaint in the space provided for the full names of the plaintiffs. Because his or her home address is not provided, one can assume that he or she has not received the various documents filed in this action.

[2] Counsel for the Thomson Reuters employees filed a statement regarding service of the motion to dismiss. <u>See</u> Document #7. Counsel indicated that she properly served the motion to dismiss *via* United States mail to the address Plaintiff Mukundan provided in the complaint. The mailing was returned by the postal service and stamped "Not Deliverable as Addressed – Unable to Forward." If Plaintiff Mukundan has moved from that address, it was incumbent upon her to update her information with the Clerk of Court. I note that the document ordering the plaintiffs to respond to the defendants' motions was not returned to the Clerk by the postal service.

"however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." Id. at 520-521 (quoting Conley v. Gibson, 355 U.S. at 45-46).

Nevertheless, after a careful review of this handwritten *pro se* complaint, it is virtually impossible to decipher what exactly the plaintiffs are alleging or what relief they are seeking. The complaint contains a series of ramblings with little or no organization. There are words and phrases scribbled in the margins, and many errors which have been crossed out throughout the pleading. For example, when asked for the basis for the court's jurisdiction, the plaintiffs answered, "Hindu – practicing Hindu faith/wiretap landline." On the next line, they wrote, "Violation of First Amendment," followed on the next line with, "Bill of Rights." When asked for facts, the plaintiffs entered: "Registry, Memory, sex site tamper, struggling with pronunciation – learnt – laynt; bus – bonse; ladder – layder, etc.; talk – took, etc; "Barb?" Under the question, "Was anyone else involved," the plaintiffs wrote: "Dr. Rosemary Kearney – failing to give the needed medical advice/attention – unwilling to disclose the nature of problem esply [sic] hormone tamper/eyes tied." To the question of injuries related to their case, the plaintiffs answered, "Main: Psychoanalytic mixing and psychotherapy, without my consent, performed on me." They also indicated, "sciatic leg pain – abnormal gait; every damage resulting from Barb/Cadaver (air, recorders, - - -); and filled my head with filth (vulgar languages related to sex) even today." When asked to state what relief they were

seeking, the plaintiffs answered, "Privacy – PIPA including credit cards worth $70-80K sold out without my consent; ~~justice~~ w/ ~~money~~ on my harassment ~~refusing~~ to relieve me from hold." Further, they added, "Family title involved – British conferred; 'Kuruppu' and misused?  insulted and humiliated."  "In the margin, the word "defamation" is scribbled.

There are several handwritten pages added to the complaint where the rambling continues in a more narrative form.  For example, the plaintiffs added a paragraph entitled, "Harassment – Settlement" , under which they wrote, "Several incidents prior to 'hold' harassments ~~prior~~ considered as harassments PIPA, (wiretap – landline, hacking – cell phones, personal laptop, emails, ~~desktop~~ tampering – personal laptop, workplace desktop) work sabotage – functions assigned.  A couple of pages later, the plaintiffs add, "Without my 'prior consent,' unethical and unauthorized protocols carried out on me by my management personnel or arranged by them."

The plaintiffs included another paragraph entitled, "Violation of First Amendment."  Underneath, the plaintiffs added, "Prayer – Hindu prayers – abuse."  On the next line, they entered, "Parish hold – Barb, PIN, RIN, Cadaver, Registry, memory, (put and take info in matter of seconds) (not allowing to organize thoughts/ideas interfering with thought processes all the time)."

Also attached to the complaint are two other pages which provide some clue into the plaintiffs' possible claims.  First, a Charge of Discrimination was attached which had been filed with the Pennsylvania Human Relations Commission on December 31, 2012.  The Charge reveals that Plaintiff Mukundan brought a claim of employment

discrimination against Thomson Reuters based on sex, religion, national origin, retaliation, and age. She indicated that she was hired in April 2005 by Thomson Reuters; was employed most recently as a Senior Chemical Information Specialist; and was subjected to repeated acts of harassment, including hacking her cell phones, tampering with her personal laptop, physically being stalked, paycheck robbery, practice of voodoo against her, a hold put on her thought processes, and being misconstrued as being a psychic. A good portion of another paragraph on the Charge is illegible, but it appears to indicate that Plaintiff Mukundan also alleged that she was discriminated against because of her national origin and because of her age, and that she was "retaliated against for being a very good worker with a good work ethic, and for asking them to stop the harassment." It is important to note that Plaintiff Mukundan indicated on the Charge that the latest date any discrimination took place was March 25, 2011.[3]

The second page attached to the complaint is a copy of the Dismissal and Notice of Rights of the Equal Employment Opportunity Commission dated March 5, 2013, which reads, "Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes." This notice provided that the plaintiff was permitted to file a lawsuit against the employer based on the Charge.

---

[3] In "deferral states" such as Pennsylvania, a plaintiff must submit Title VII and ADEA claims to the Equal Employment Opportunity Commission within 300 days of the challenged employment action. See 42 U.S.C. § 2000e-5(e)(1) and 29 U.S.C. § 626(d)(1). Plaintiff Mukundan filed a Charge of Discrimination against Thomson Reuters on December 31, 2012, but noted that the latest date any discrimination took place was March 25, 2011. Because the Charge was filed well over 300 days from March 25, 2011, it is untimely. Accordingly, any claims based on this Charge would have to be dismissed as time-barred. Watson v. Eastman Kodak Co., 235 F.3d 851, 854 (3d Cir. 2000).

## II. STANDARD FOR MOTIONS TO DISMISS

The Thomson Reuters defendants seek dismissal of this complaint with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant Kearney seeks dismissal with prejudice pursuant to Rule 12(b)(6), or in the alternative, she seeks a more specific statement pursuant to Rule 12(e).

A motion to dismiss under Rule 12(b)(6) examines the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations must be sufficient to make the claim for relief more than just speculative. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether to grant a motion to dismiss, a federal court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all plausible inferences in favor of the plaintiff. Id.; see also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

It remains true that the Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the facts upon which he bases his claim. Rather, the Rules require "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). In recent rulings, however, the Supreme Court has rejected language in Conley stating that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Twombly, 550 U.S. at 561. Rather, a "complaint must allege facts suggestive of [the proscribed] conduct," Twombly, 550 U.S. at 564, and it must contain enough factual matters to suggest the required elements

of the claim or to "raise a reasonable expectation that discovery will reveal evidence of" those elements. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true. See Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

In assessing the merits of a motion to dismiss, courts must be careful to recognize that, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "[O]nly a complaint that states a *plausible* claim for relief survives a motion to dismiss." Id. at 679 (emphasis added). In recognition of these principles, courts must first identify those allegations in a complaint that are mere conclusions and are therefore not entitled to the assumption of truth, and next, consider whether the complaint's factual allegations, which *are* entitled to a presumption of truth, plausibly suggest an entitlement to relief. Id. at 680 (emphasis added).

Rule 12(e) of the Federal Rules of Civil Procedure provides that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED.R.CIV.P. 12(e). Defendant Kearney argues that she cannot prepare a responsive pleading in this case because the complaint is based upon vague allegations none of which remotely appear related to her.

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot

reasonably prepare a response.  Alston v. Parker, 363 F.3d 229, 234 n.7 (3d Cir. 2004).

The Rule 12(e) "motion shall point out the defects complained of and the details desired."

Thomas v. Independence Twp., 463 F.3d 285, 301 (3d Cir. 2006).  When presented with

an appropriate Rule 12(e) motion for a more definite statement, the district court shall

grant the motion and demand more specific factual allegations from the plaintiff

concerning the conduct underlying the claims for relief.  Id.

**III.  DISCUSSION**

This complaint is woefully deficient.  Certainly, a plaintiff has the right to bring

claims into court and expect to be heard.  In this case, however, it is more than

unreasonable to expect the defendants to have to piece together words and phrases in a

stream of consciousness in order to ascertain what claims are being brought against them.

To frame a responsive pleading, a defendant should not be required to rely on bits and

pieces and other clues to make such a determination.

A district court should ordinarily allow a *pro se* plaintiff to amend her complaint,

unless amendment would be inequitable or futile.  Grayson v. Mayview State Hospital,

293 F.3d 103, 113-114 (3d Cir. 2002).  Here, it may well be that amendment of the

complaint would be futile.  Neither the court nor the defendants can be certain of what

the complaint is alleging in its current condition.  Out of an abundance of caution,

however, I will give the plaintiffs the opportunity to amend the complaint, in

conformance with the Federal Rules of Civil Procedure.  I stress for the plaintiffs the

importance of clarity and organization, keeping in mind the goal of placing the

defendants on notice of the claims being asserted against them.  The complaint must

contain enough factual matters to suggest the required elements of the claim, or to raise a reasonable expectation that discovery will reveal evidence of those elements.

I must also caution the plaintiffs to review the motion to dismiss (Document #4) filed by the Thomson Reuters employees which asserts seemingly valid arguments against the plaintiffs' possible claims, especially regarding (1) the statute of limitations period of those claims, (2) the general release[4] of all claims which Plaintiff Mukundan signed as part of her severance package in connection with her employer's Reduction in Force, and (3) the inability to hold individual employees liable under our employment discrimination statutes. In amending the complaint, the plaintiffs should be careful to avoid including any frivolous, vague, or ambiguous allegations.

An appropriate Order follows.

---

[4] The plaintiffs failed to mention in the complaint this general release of all claims against the former employer and its employees.