IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DR. GEETHA MUKUNDAN, et al., | : | CIVIL ACTION |
|     Plaintiffs | : | |
| | : | |
| v. | : | NO. 13-2446 |
| | : | |
| MS. SHELLY RAHMAN, et al., | : | |
|     Defendants | : | |

# M E M O R A N D U M

**STENGEL, J.**                                                                                                                         September 12, 2013

## I.  BACKGROUND

Dr. Geetha Mukundan and T:Thinakkal filed an action against four defendants, three individuals who are employees of Thomson Reuters and a primary care physician from the "Delancey Clinic."  After the plaintiffs failed to comply with my Order dated July 23, 2013 (Document #11), which provided them an additional fifteen days to respond to the defendants' motions to dismiss, I denied the motions as moot and gave the plaintiffs twenty days within which to file an amended complaint, or risk dismissal for failure to prosecute.  <u>See</u> Documents #12 and #13.  The plaintiffs have again failed to comply with my Order.  For the following reasons, I will dismiss this action in its entirety pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## II.  STANDARD OF REVIEW

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim "if the plaintiff fails to prosecute or to comply with these rules or a court Order."  Decisions regarding dismissal of actions for failure to prosecute rest in the sound

discretion of the court, and will not be disturbed absent an abuse of that discretion. Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002). In determining whether dismissal is appropriate, a court considers: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling Orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or the attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). A court may dismiss an action pursuant to Rule 41(b) *sua sponte*. Caterbone v. Lancaster County Prison, 293 Fed. Appx. 867 (3d Cir. 2008).

### III.  DISCUSSION

In this case, the Poulis factors weigh heavily in favor of dismissal, although not all of these factors need be met for a district court to find that dismissal is warranted. Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988). First, the plaintiffs are solely responsible for the prosecution of this action. When the defendants filed motions to dismiss, I issued an Order dated July 23, 2013 (Document #11), providing them an additional fifteen days to respond to the defendants' motions to dismiss. The plaintiffs failed to comply. Thereafter, I denied the motions to dismiss as moot and gave the plaintiffs twenty days within which to file an amended complaint, or risk dismissal for failure to prosecute. See Documents #12 and #13. The plaintiffs again failed to comply with that Order. Plaintiff Mukundan began to leave several messages on my chambers' voicemail in the evening after chambers was closed, but never left a telephone number for a return call. Within a

week of the filing of that Order, however, Miss Mukundan contacted chambers during work hours, and spoke with my Civil Deputy Clerk who informed Miss Mukundan that, notwithstanding her *pro se* status, it was imperative for her to keep informed with the docket entries in her case, even if she needed to come to the Office of the Clerk of Court to view the docket online.  The plaintiffs have still not filed an amended complaint.  Accordingly, only the plaintiffs can be held responsible for the failure to obey the court's Orders.

Second, certainly the defendants have been prejudiced by the plaintiffs' unexplained failure to comply with the court's Orders.  The defendants have been affected by the prejudice inherent in attempting to defend claims which are impossible to decipher.

Third, the record also reflects a history of dilatoriness on the part of the plaintiffs.  They did not respond to the motions to dismiss.  They failed to comply with my Order to respond within fifteen days.  Finally, they failed to comply with my Order to file an amended complaint within twenty days.

Fourth, it is impossible to assign bad faith or willfulness to the plaintiffs' conduct because I have no indication as to why the plaintiffs have failed to comply with my Orders.

Fifth, while Poulis enjoins consideration of the effectiveness of sanctions other than dismissal, it is apparent that dismissal is the only reasonable alternative here.  Cases construing Poulis agree that when a *pro se* litigant fails to comply with rules or court Orders, lesser sanctions may not be an effective alternative.  See Briscoe v. Klaus, 538

F.3d 252, 262-263 (3d Cir. 2008); Emerson, 296 F.3d at 191.  The plaintiffs are solely responsible for failing to comply with the court's Orders.

Finally, the inability to decipher the complaint or to determine whether its claims lack merit also weighs in favor of dismissal.  Had it been even remotely possible to understand what the plaintiffs were alleging, one could have at least ascertained the claims asserted and potentially even evaluated their merit.

In conclusion, the majority of the Poulis factors support dismissing this case.  Despite ample opportunity, the plaintiffs neither responded to the defendants' motions to dismiss nor filed an amended complaint.  This delay has caused prejudice to the defendants who are left to defend a stalled action with indecipherable claims.  The failure to comply with the court's Orders remains unexplained.  Other sanctions would not be effective in this case.  Accordingly, I will dismiss this case with prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

An appropriate Order follows.